## Guido Falivene *v.* William Storey et al.

Appellate Session of the Superior Court

File No. 1256

Argued December 15, 1982—decided February 4, 1983

*Nancy L. Gustafson,* for the appellant (plaintiff).

*Charles J. Irving,* for the appellees (defendants).

Per Curiam. This is an action to recover an alleged balance due for work performed pursuant to a masonry contract. The defendants filed a counterclaim alleging that sums were in fact due them. The court found the following: The plaintiff, a masonry contractor, agreed to construct footings, a foundation, a floor and a block chimney for a residence on the defendants' property. In return, the defendants agreed to pay the plaintiff $4039. After the foundation had been constructed, the defendants discovered that the footings had been improperly poured, resulting in the basement floor being fourteen inches higher at one end than at the other. The defendants ordered the plaintiff off the job and hired another contractor to complete the work for $1100. They also stopped payment on the $2000 check which they had given the plaintiff at the commencement of construction. Because of the slope of the cellar floor, the defendants lost the use of part of the basement as a living area. In addition, the defendants performed labor themselves which the court found to be worth $280.

The court concluded that the plaintiff was entitled to recover $730. It also awarded the defendants $280

on their counterclaim. The plaintiff has raised several issues on appeal. We need consider only one, however, as it is dispositive. The plaintiff contends that the evidence was insufficient to sustain the amount of the court's award on the complaint.[2]

It is unclear from the memorandum of decision whether the court awarded damages based on substantial performance of the contract or on quantum meruit. Furthermore, an examination of the trial transcript and of the record reveals no evidence to support the court's conclusion that $730 was the amount to which the plaintiff was entitled under either theory of recovery.

There is no error on the counterclaim. There is error on the complaint, the judgment is affirmed except as to the amount of damages awarded and a new trial is ordered limited to that issue.

DALY, COVELLO and F. HENNESSY, Js., participated in this decision.

---

[2] The plaintiff also contends that there was insufficient evidence as to the amount awarded to the defendants on their counterclaim. The record reveals, however, that the defendants testified that they expended 40 hours of their own labor, for which they normally charged $7 per hour. Thus, we conclude that the evidence was sufficient to sustain the amount awarded.